UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSHUA WAYNE STRICKLAND, <br><br> Plaintiff, <br><br> v. <br><br> MIGUEL BALDERAMA, <br><br> Defendant. | CASE NO. 3:24-cv-05487-JCC-BAT <br><br> **REPORT AND RECOMMENDATION ON DEFENDANT BALDERAMA'S MOTION TO DISMISS, DKT. 19 AND PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT, DKT. 27** |

On September 23, 2024, Defendant Miguel Balderama, M.D. (Dr. Balderama) filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Plaintiff's August 16, 2024 amended complaint. Dkt. 19. On October 16, 2024, the Court received from Plaintiff a motion to file a second amended complaint ("SAC"), and his opposition to Dr. Balderama's dismissal motion. Dkt. 27. Dr. Balderama apparently received Plaintiff's pleadings before the Court because he filed a reply on October 15, 2024, contending the Court should deny amendment and dismiss Dr. Balderama as a Defendant because the SAC is deficient. Dkt. 23 at 5.

Having considered the dismissal motion, Plaintiff's opposition, Plaintiff's motion to file a SAC, Dr. Balderama's reply to the dismissal motion, and the balance of the record, the Court makes the following recommendations:

1. The Court has considered the allegations set forth in the SAC to determine whether amendment should be granted on the grounds the SAC sets forth facts sufficient to state claims for relief, and thus withstands Dr. Balderama's motion to dismiss. Turning first to ADA claims, the claim in the earlier filed amended complaint, Dkt. 13, that Dr. Balderama violated Title II of the American with Disabilities Act (ADA) and Section 304 of the Rehabilitation Act, should be DISMISSED with prejudice. Individuals cannot be sued under the ADA or the Rehabilitation Act; Plaintiff concedes this in his motion permitting a SAC and has withdrawn the ADA and Rehabilitation Act claim against Dr. Balderama from the proposed SAC.

2.. Plaintiff contends in both the amended complaint and the SAC that Dr. Balderama violated his Fourteenth Amendment rights by denying him adequate medical care as to his cardiac condition (Count I, SAC at 11). Both the amended complaint and the SAC fail to set forth sufficient facts that meet the objective deliberate indifference standard required to state a claim for relief under the Fourteenth Amendment. This claim should be dismissed with prejudice.

3. Plaintiff argues in his motion to file a SAC that Dr. Balderama violated the Fourteenth Amendment by not providing adequate diapers, wipes, and rash medication for several months. *See* Motion to amend, Dkt. 27 at 5. However, the allegations set forth in the SAC fail to show this. Rather, the SAC alleges other medical staff delayed or denied providing diapers and ordering Plaintiff's records regarding incontinence. *See* SAC, Dkt 27 at 14-15. The SAC alleges on April 19, 2024, Plaintiff saw Dr. Balderama, explained his incontinence situation, and that Dr. Balderama stated he would get Plaintiff's records "ASAP" and alert Defendant Slothower to provide diapers, wipes and rash cream. *Id.* at 15. Plaintiff alleges that although Dr. Balderama prescribed diapers, wipes and cream, Defendant Slothower failed to provide Plaintiff

1 with these items. *Id.* at 16. The SAC fails to set forth any facts establishing Dr. Balderama

2 violated Plaintiff's Fourteenth Amendment rights by failing to provide him with diapers, wipes,

3 and cream. This claim should be dismissed with prejudice. The court notes the earlier amended

4 complaint did not allege Dr. Balderama violated Plaintiff's Fourteenth Amendment rights as it

5 relates to diapers, wipes and creams.

6     4.    Plaintiff's motion to file a SAC also indicates Plaintiff seeks to "include the

7 Pierce County Jail, the appropriate defendant for Mr. Strickland's alleged ADA violation claim."

8 Dkt. 27 at 4. The SAC contains no facts in support of an ADA claim against Pierce County and

9 this claim should be dismissed.

10     5.    In sum, for the reasons below, the Court should **GRANT** Dr. Balderama's motion

11 to dismiss because both the amended complaint, Dkt. 13, and the proposed SAC, Dkt. 27, viewed

12 together fail to set forth sufficient facts to state a claim upon which relief may be granted.

## BACKGROUND

14 Plaintiff initiated this action on June 20, 2024. Dkt. 1. In his four-count amended

15 complaint, filed on August 16, 2024, Plaintiff alleges he is a pre-trial detainee of the Pierce

16 County Jail and makes allegations against Naphcare, Mr. Slothower, and Dr. Balderama. Dkt. 13.

17 Plaintiff's claims, in the amended complaint, against Naphcare and Mr. Slothower are set forth in

18 Counts I, II, and IV, and are not addressed in this report and recommendation as the dismissal

19 motion before the Court is brought by Dr. Balderama, only. Dkt. 13. Plaintiff's allegations in the

20 amended complaint against Dr. Balderama are set forth in Counts II and IV. Plaintiff alleges in

21 Count II of the amended complaint that Dr Balderama[1] violated Plaintiff's rights under "Title II

---

[1] Count II also makes the same allegations against Jonathan Slothower, another Defendant who allegedly is an employee of Naphcare. Defendant Balderama appears to be an employee of Pierce County, not Naphcare.

1  of the American with Disabilities Act, and 42 U.S.C § 12132 and section 504 of the
2  Rehabilitation Act 1973." Dkt. 13 at 4. Plaintiff also alleged in Count IV that Dr. Balderama
3  failed to provide adequate medical care for his cardiac conditions in violation of the Fourteenth
4  Amendment.
5    On September 23, 2024, Dr. Balderama filed a motion to dismiss the amended complaint
6  arguing ADA and Rehabilitation Act claims cannot be brought against an individual and should
7  thus be dismissed. Dr. Balderama also argues the Fourteenth Amendment claim should be
8  dismissed because the amended complaint fails to set forth facts that establish, he was
9  constitutionally deliberately indifferent to Plaintiff's cardiac condition and because there is no
10 clearly established law showing the care that Dr. Balderama provided violated Plaintiff's
11 constitutional rights.
12   In response to Dr. Balderama's dismissal motion, Plaintiff filed a pleading opposing
13 dismissal and moving for permission to file a SAC. Dkt. 27. Plaintiff contends because his
14 proposed SAC sets forth additional facts that state a claim for relief, the Court should deny Dr.
15 Balderama's motion to dismiss. *Id.* In his motion, Plaintiff concedes Dr. Balderama cannot be
16 sued under the ADA or the Rehabilitation Act and has retracted this claim. However, Plaintiff
17 argues he wishes to "change defendants of the alleged ADA violation to include the Pierce
18 County Jail." *Id.* at 4. Petitioner argues the Court should permit the amendment because Plaintiff
19 simply wishes to add facts in support of his claims and to convert Count II from an ADA claim
20 to a Fourteenth Amendment claim, and these minor changes will not prejudice Dr. Balderama or
21 delay resolution of the case. *Id.* at 5.
22   In his proposed SAC, Plaintiff alleges in ground one that Dr. Balderama "violated Mr.
23 Strickland's Fourteenth Amendment rights by refusing to adequately treat his cardiac diagnoses."

1 Dkt.27 at 11. Plaintiff alleges that upon his February 2024 admission to the jail, he informed a registered nurse that he suffers from chronic chest pain, bradycardia history, abnormal EKG history, failed stress testing, high cholesterol history, mild to moderate heart blockage and that a CT angiogram had been ordered by a medical doctor in Nevada. *Id.*

Plaintiff alleges that despite providing this information and filing medical kites, that no "care plan" was provided for his cardiac condition, and that Dr. Balderama declined to implement a treatment plan, send Plaintiff to an outside provider for a CT angiogram, or prescribe medications. *Id.* at 11-13. In June, 2024, Plaintiff alleges lab work to check Plaintiff's lipid levels was performed. *Id.* at 13. Dr. Balderama advised Plaintiff the lab results were "good," that he reviewed Plaintiff's cardiology records which indicated moderate heart blockage, abnormal stress and EKG results, pending CT angiogram order and a history of high cholesterol. *Id.* Dr. Balderama told Plaintiff that the CT angiogram was too costly and invasive and that lipid panel labwork would be done every 90 days. *Id.* Plaintiff contends that other than the labwork, Dr. Balderama has offered no other treatment.

In Count II of the SAC, Plaintiff alleges Defendant Slothower violated his Fourteenth Amendment rights by interfering with incontinence treatment prescribed by Dr. Balderama. *Id.* at 14. And in Count III of the SAC, Plaintiff alleges "Naphcare Inc., thru their policy of withholding medical care and practice of limiting access to appropriate levels of care violated Mr. Strickland's 14th Amendment rights by virtue of the employee's inadequate medical care." *Id.* at 19. The Court need not detail the allegations in counts II and III, as the present motion to dismiss is brought by Dr. Balderama only.

## DISCUSSION

### A. Rule 12(b)(6) Motions to Dismiss

The Court may grant a motion to dismiss only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court need not accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Further while the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

B.   **Section 1983 Claims Against Dr. Balderama**

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff alleges in both the amended complaint and the SAC that Dr. Balderama violated Plaintiff's Fourteenth Amendment rights by failing to provide adequate treatment of his cardiac condition. Plaintiff alleges he is a pretrial detainee and a pretrial detainee's claim regarding adequate medical care arises under the Fourteenth Amendment and such claims are analyzed under an objective deliberate indifference standard. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120, 125 (9th Cir. 2018). The elements of such a claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making

the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125.

A pretrial detainee's Fourteenth Amendment due process rights are "at least as great as the Eighth Amendment protections available to a convicted prisoner," *Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983), and the Ninth Circuit applies "the same standards" to pretrial detainees and prisoners because their rights are "comparable." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir.1998).

The deliberate indifference standard is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan,* 511 U.S. 825, 835 (1994). "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. Cal. Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990).

Further "[a] difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, a mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766

REPORT AND RECOMMENDATION ON
DEFENDANT BALDERAMA'S MOTION TO DISMISS,
DKT. 19 AND PLAINTIFF'S MOTION TO FILE A
SECOND AMENDED COMPLAINT, DKT. 27 - 8

1  F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a

2  level of "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).

3        Plaintiff alleges Dr. Balderama violated his Fourteenth Amendment rights in both his

4  amended complaint and his proposed SAC. In Count III, of the amended complaint Plaintiff

5  alleges Defendant Balderama violated his Fourteenth Amendment rights by "ignoring his

6  "serious cardiac diagnoses with reckless disregard of Mr. Strickland's health." Dkt.13 at 6.

7  Plaintiff alleges he has bradycardia, high cholesterol, chronic chest pain, abnormal EKG test

8  results, mild to moderate heart blockage and abnormal stress test. Dkt.13 at 6. Plaintiff claims he

9  informed the jail about his medical condition but the "Defendants did nothing from March 1,

10 2024 to June 7, 2024." *Id.*

11       Plaintiff alleges in the amended complaint that Defendant Balderama eventually

12 requested Plaintiff's medical records and ordered testing which Defendant claimed showed

13 Plaintiff had normal iron and cholesterol levels, and that the levels would be checked every 90

14 days. *Id.* Plaintiff alleges the 90-day checks might be adequate to address his cholesterol levels,

15 but the checks are inadequate treatment for his other medical conditions. In support, Plaintiff

16 claims Defendant Balderama refused to send Plaintiff to an outside cardiologist or order

17 angiogram testing and told Plaintiff that "the procedure is invasive, costly and unnecessary." *Id.*

18 at 7. Plaintiff's amended complaint alleges Defendant violated his rights by recklessly

19 disregarding Plaintiff's cardiac care and that Defendant's actions amount to no treatment of his

20 cardiac and not merely a difference in opinion about what treatment he should receive.

21       Plaintiff's SAC largely repeats the allegations contained in the amended complaint with

22 one significant alteration: Plaintiff removed Dr. Balderama's statement that the CT angiogram

23 was "unnecessary."

In reviewing Plaintiff's allegations in both his amended complaint and the proposed SAC, the Court finds they both fail to set forth facts that are sufficient to show Dr. Balderama was objectively indifferent to Plaintiff's cardiac needs. While both complaints allege there were delays in gathering Plaintiff's medical records regarding his cardiac condition, Plaintiff also avers his cardiac records were obtained and were reviewed by Dr. Balderama. As noted above, delay in medical care, without more, is insufficient to state a claim of deliberate indifference.

The amended complaint also avers Dr. Balderama ordered Plaintiff's records, reviewed Plaintiff's cardiac records, had blood tests performed and told Plaintiff that the procedures or treatment he requested for his cardiac condition was "invasive, costly and unnecessary." The SAC removed Dr. Balderama's statement that the procedures Plaintiff requested were "unnecessary," a factor the Court should consider in determining whether this alteration was brought in bad faith simply to defeat the motion to dismiss. *See In re Rogstad,* 126 F.3d 1224, 1228 (9th Cir.1997) (leave to amend is generally determined by considering: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party.").

In any event both the amended complaint and SAC establish Dr. Balderama did not simply disregard Plaintiff's medical condition or was objectively deliberately indifferent to Plaintiff's cardiac concerns. Instead, the doctor obtained Plaintiff's records, and based upon the doctor's review of Plaintiff's these records and the lab tests performed while Plaintiff was in jail, the doctor denied Plaintiff's requests for additional testing. As noted above, inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and a medical doctor do not rise to the level of a constitutional violation. Plaintiff disagrees with the doctor's assessment, and argues because the doctor denied Plaintiff's request, the denial is more than just a difference of opinion. A denial of a prisoner's request is almost always the root of a prisoner's

claim the he or she was denied medical services. The denial thus is not itself a fact that is necessarily separate from disagreement as to the services provided or denied. Here, the amended complaint and the SACE indicate Dr. Balderama reviewed records and lab test results, met with Plaintiff and denied Plaintiff's request is based upon his opinion regarding costs, invasiveness and necessity. Plaintiff disagrees with Dr. Balderama's assessment but this simply highlights the fact that what has been alleged amounts to a difference of opinion, which is insufficient to state a claim for relief. The Court thus finds that Dr. Balderama's denial of Plaintiff's request does not itself amount to objective deliberate indifference to Plaintiff's cardiac medical needs and concludes both the amended complaint and the SAC fail to state a claim for relief under the Fourteenth Amendment.

The Court also notes that while Plaintiff alleges Dr. Balderama violated his Fourteenth Amendment rights by not having a treatment plan and not ordering the CT angiogram, neither he amended complaint nor the SAC show Plaintiff has actually suffered harm due to the doctor's actions. *See Hodges v. Corizon* 837 Fed.Appx. 466, 469 (9th Cir. 2020) (Rejecting claim of deliberate indifference when Plaintiff failed to show he was harmed by jail's failure to perform an angiogram before he was transferred to prison).

    **C.**    **ADA Claims**

The amended complaint filed in August 2024 alleged Dr. Balderama violated Plaintiff's rights by denying him diapers in violation of the ADA. To state a claim of disability discrimination under Title II of the ADA, Plaintiff must set forth four elements: (1) [T]he plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services,

programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), superseded by statute on other grounds, ADA Amendments Act of 2008, Pub. L. No. 110-325, §§ 4(a), 8, 122 Stat. 3555); *see also Hacker v. D*art, 62 F.4th 1073, 1085 (7th Cir. 2023).

In his response to Dr. Balderama's motion to dismiss, Plaintiff acknowledges individual defendants such as Dr. Balderama cannot be sued in their individual capacities under Title II of the ADA or § 504 of the Rehabilitation Act because neither statute provides for individual liability. *Becker v. Oregon*, 170 F.Supp.2d 1061, 1066–67 (D. Or. 2001). Nor can a plaintiff bring an action under 42 U.S.C. § 1983 against a state official in his or her individual capacity to vindicate rights created by Title II of the ADA or by § 504 of the Rehabilitation Act. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002); *see also Hernandez v. Marcelo*, No. 119CV01219, 2020 WL 6075648, at *3 (E.D. Cal. Oct. 15, 2020), *report and recommendation adopted*, No. 119CV01219, 2021 WL 1164400 (E.D. Cal. Mar. 26, 2021); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials").

Plaintiff thus indicates he withdraws the ADA claim against Dr. Balderama and has omitted the ADA claim in the proposed SAC against Dr. Balderama. Plaintiff in his motion to file the SAC indicates he wishes to substitute the Pierce County Jail for Dr. Balderama as the proper defendant for an ADA claim. The SAC however fails to set forth any facts or allegations in support of an ADA claim against the Pierce County Jail and thus such a claim cannot proceed against Pierce County.

The Court notes Plaintiff's allegations regarding the ADA revolve around his claim he was denied diapers, wipes and cream. Even if Pierce County were substituted as a Defendant, these allegations do not establish discrimination against Plaintiff based upon an alleged disability, and instead implies someone was negligent in providing diapers to Plaintiff that he claims did not fit properly, and negligent in not providing wipes and diaper rash cream. Accordingly, the Court recommends Plaintiff's Title II of the ADA and § 504 Rehabilitation Act claims against Dr. Balderama be dismissed with prejudice. Facts supporting an ADA claim against Pierce County are lacking in both the amended complaint and the SAC and thus no such claim exists.

### D.  Amendment of Complaint

Normally a Court should "freely grant" motions to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

While leave to amend should be freely granted "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" are grounds to deny leave to amend. *See Moore v. Kayport Package Express, Inc.*, 885 F.3d 531, 538 (9th Cir. 1989). Of these factors, prejudice to the opposing party generally carries the greatest weight in analyzing whether a motion to amend should be granted. *Eminence Capital, LLC*, 316 at 1052.

Here the Court has reviewed the SAC to determine whether amendment should be granted. Dr. Balderama opposes amendment and argues amendment is futile because the SAC, like the amended complaint fails to set forth sufficient facts to state a claim for relief. The Court has reviewed both the amended complaint and the SAC to determine whether amendment should

be granted. However, as discussed above, because neither the amended complaint nor the SAC set forth facts sufficient to state a claim for relief, the question of whether leave to file the proposed SAC is moot. This is because even if filing of the SAC was allowed, the SAC fails to state a claim for relief and the matter should be dismissed.

Thus, for the reasons above, in consideration of all factual allegations contained in both the amended complaint and the SAC, the Court finds Plaintiff has failed to set forth sufficient facts to state a claim for relief against Dr. Balderama and that Plaintiff's action should be dismissed with prejudice as it relates to Dr. Balderama.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore, Plaintiff should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **November 21, 2024.**  The Clerk should note the matter for **November 22, 2024**, as ready for the District Judge's consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 7th day of November, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION ON
DEFENDANT BALDERAMA'S MOTION TO DISMISS,
DKT. 19 AND PLAINTIFF'S MOTION TO FILE A
SECOND AMENDED COMPLAINT, DKT. 27 - 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

REPORT AND RECOMMENDATION ON
DEFENDANT BALDERAMA'S MOTION TO DISMISS,
DKT. 19 AND PLAINTIFF'S MOTION TO FILE A
SECOND AMENDED COMPLAINT, DKT. 27 - 15