UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSHUA WAYNE STRICKLAND ,

                 Plaintiff,

  v.

MIGUEL BALDERAMA, et al.,

                 Defendant.

CASE NO. 3:24-cv-05487-JCC-BAT

**PRETRIAL SCHEDULING ORDER**

Plaintiff Joshua Wayne Strickland proceeds pro se and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. By order dated February 10, 2025, the Court dismissed all claims in the action except the claims against Defendant Johnathan Slothower related to the alleged failure to provide proper treatment and supplies for Plaintiff's incontinence. Dkt. 33. Defendant Slothower has not yet filed an Answer to Plaintiff's pro se Complaint. The Court therefore **ORDERS**:

**ANSWER**

The remaining Defendant, Johnathan Slothower, is directed to file an answer to the complaint with respect to the remaining claims on or before **March 4, 2025**.

**DISCOVERY**

PRETRIAL SCHEDULING ORDER - 1

Discovery is the process by which one party asks another party to provide relevant information about the case. A party should not file discovery requests or discovery materials with the court unless the party is moving to compel, seeking a protective order, or is otherwise supporting a motion. A party seeking discovery must serve a discovery request on the other party. There are several ways to ask for discovery including: depositions in which one party asks another person questions about the lawsuit; interrogatories in which written questions are served on another party; and requests for production in which a written request to provide documents relevant to the lawsuit is served on another party. *See* Rules 30, 33 and 34 of the Federal Rules of Civil Procedure.

All discovery in this case must be completed by **June 2, 2025**. This includes serving responses to interrogatory questions and requests for production, and the completion of all depositions. Responses to interrogatory questions and requests for production must be served not later than **30 days** after service of the discovery requests. The serving party, therefore, must serve his/her discovery requests by **May 1, 2025**, so that the responding party can answer by the discovery cut-off. *See* Rules 33(b) and 34(b)(2) of the Federal Rules of Civil Procedure. Discovery requests must be served directly on the opposing party's counsel by mail.

## DISCOVERY DISPUTES

Any motion to compel discovery shall be filed not later than **June 17, 2025.** From time-to-time disputes over whether discovery has been properly provided arise. If a discovery dispute arises, a party must fulfill the Court's meet and confer requirements **before** filing a motion to compel discovery. *See* Local Rule 37. The local rule requires the party seeking discovery to make a good faith effort to confer with the opposing party either through a face-to-face meeting or a telephone conference. Any motion to compel discovery must include a written certification

PRETRIAL SCHEDULING ORDER - 2

that the moving party has in good faith effort either met and conferred or attempted to meet and confer. A motion to compel that lacks such a certification will be summarily denied.

The motion to compel must: (1) list the matters on which the parties were unable to agree; (2) identify the nature and relevance of the documents and materials sought; (3) list the reason(s) why the mandatory initial disclosures were inadequate; and, (4) explain why the discovery sought is proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

## MOTIONS

A motion is a formal request that asks the Court to take certain action. All argument in support of the motion must be set forth in the motion itself and not in a separate document. *See* Local Rule CR 7(b)(1). Each motion, together with a proposed order, **must** be served on the opposing party so that the opposing party has an opportunity to respond. In addition, **each motion must state in its caption, right below the motion's title, a noting date. The noting date is the date the Court will review your motion.**

1) *Same Day Motions.* Stipulated, joint or unopposed motions (see for example LCR 10(g)), motions to file over-length motions or briefs (see LCR 7(f)), motions for reconsideration (see LCR 7(h)), joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions to appoint a mediator (LCR 39.1(c)(3)), motions for default (see LCR 55(a)), requests for the clerk to enter default judgment (see LCR 55(b)(1)), ex parte motions, motions for the court to enter default judgment where the opposing party has not appeared (see LCR 55(b)(2)), motions to recuse (see LCR3(f)), and motions for a temporary restraining order ("TRO") (see LCR 65) shall be noted for consideration for the day they are filed.

2) *21-Day Motions.* With the exception of the motions specifically listed in LCR 7(d)(1) (same day motions) and 7(d)(4) (28 day motions), all other motions shall be noted for consideration no earlier than 21 days from the date of filing.

PRETRIAL SCHEDULING ORDER - 3

Any opposition papers shall be filed and received by the moving party no later than 15 days after the filing date of the motion.

Any reply papers shall be filed and received by the opposing party no later than 21 days after the filing date of the motion.

3) *28-Day Motions.* Motions to Dismiss, motions for summary judgment, motions seeking a preliminary injunction, motions to exclude expert testimony for failure to satisfy Fed. R. Evid. 702/*Daubert*, motions for class certification, and motions directed toward changing the forum (through remand, transfer, or to compel arbitration) shall be noted for consideration no earlier than 28 days after filing.

Any opposition papers shall be filed and received by the moving party no later than 21 days after the filing date of the motion.

Any reply papers shall be filed and received by the opposing party no later than 28 days after the filing date of the motion.

Any dispositive motion shall be filed and served on or before **July 2, 2025**. If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

*Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (emphasis added).

PRETRIAL SCHEDULING ORDER - 4

**Defendants MUST serve *Rand* and *Wyatt* notices** concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F3.d 934, 942 (9th Cir. 2012). The Ninth Circuit's model language for such notices is noted above. Defendants who do not file and serve, in a separate document, the required *Rand* and *Wyatt* notices may face (a) immediate striking of their motions with leave to refile and (b) possible monetary sanctions.

## JOINT PRETRIAL STATEMENT

A Joint Pretrial Statement deadline will be established at a later date, pending the outcome of any motions for dismissal or summary judgment.

## PROOF OF SERVICE AND SANCTIONS

All motions, pretrial statements, and other filings must be accompanied by proof that such documents were served upon the opposing party's lawyer or upon any party acting pro se. The proof must show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court. Prisoners subject to the Court's Mandatory E-Filing Project may comply with this requirement by certifying as to the date the document(s) is handed to the law librarian for scanning. Failure to comply with the provisions of the Order can result in dismissal/default judgment or other appropriate sanctions. Failure to comply with the provisions of this Order can result in dismissal of the case or other appropriate sanctions.

## EXTENSIONS

PRETRIAL SCHEDULING ORDER - 5

The deadlines contained in this Order are firm and will not be extended by the Court except upon application to the Court with a showing of good cause.

### ADDRESS

The parties are to promptly update the Court with any change of address or other contact information.

The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for Defendant.

DATED this 11th day of February, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge